IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN HOOVER, individually; and TAMMY HOOVER, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY, a Michigan company;<br><br>Defendant. | **8:24CV429**<br><br>**PROTECTIVE ORDER** |

**The parties jointly moved for entry of a stipulated protective order. Filing No. 17. The Court grants the parties' motion in part and denies it in part. The Court now enters the following Protective Order governing the disclosure of confidential discovery material in this action:**

1. The parties anticipate that documents and information have been and may hereafter be requested in this matter which contain or consist of valuable trade secret and other proprietary or personal information (hereafter "Confidential Information"). Any documents produced or information provided by either party pursuant to or in response to any discovery request may be designated by such party as "confidential" in the following manner:

   a. By physically imprinting the words "8:24-CV-429: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced. The watermark will be placed diagonally across each page in a non-editable format.

1

 b. By electronically imprinting the words "8:24-CV-429: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced.

 c. By imprinting the words "8:24-CV-429: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" next to or above any Answer to any Interrogatory or any other written discovery response.

 d. With respect to deposition transcripts, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and label them as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

 e. Such portions of any deposition transcript that are to be designated as confidential, shall also be designated as such on the record when possible, but a party may also designate portions of the deposition as confidential within thirty (30) days after the date of final transcription.

2. **Challenges to Confidentiality Designations.** **A receiving party that questions the producing party's confidentiality designation will, as an initial step, contact the producing party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without Court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the Court to resolve that motion, the Confidential Information shall be filed under restricted access pursuant to the Court's electronic docketing procedures. The party that produced the information designated as "confidential" bears the burden of proving it was properly designated. The party challenging a "confidential" designation must obtain a court order before disseminating the information to anyone other than persons accorded access pursuant to this Protective Order.**

3. All documents and information provided in response to a discovery request in the form of deposition testimony designated as "confidential" shall be subject to the following restrictions:

    a. Such documents or information shall be used only for the purpose of the litigation in this matter and not for any other purpose, whether business or otherwise.

    b. Such documents or information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

        i. The attorneys of record and persons employed by them, including court reporters and/or vendors the attorneys utilize for litigation support;

        ii. Outside experts who have, prior to disclosure, agreed to be bound by the terms of this Protective Order;

        iii. Plaintiff or Defendant and their officers, employees, or agents, including insurers, who need to be informed for purposes of this litigation;

        iv. **The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors**; and

        v. Such other persons as the Court may **order**.

    c. That all information designated as "confidential" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent Order of the Court.

    d. No Confidential Information shall be further disclosed to anyone except:

        i. **The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors**; and

3

      ii. **Any other** category of person provided herein who have signed a Nondisclosure Agreement in the form attached hereto and to whom disclosure is necessary for the purposes associated with this lawsuit. The parties' counsel of record, and other persons or entities retained to assist in this lawsuit who have signed a Nondisclosure Agreement, shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

e. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity, or government agency unless authorized by the producing party or Order of the Court.

f. Individuals authorized to review Confidential Information pursuant to this Protective Order shall also maintain any Confidential Information in a secure area and exercise due care with respect to storage, security, custody, and use of the information.

g. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

h. There shall be no reproductions of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

i. **<u>Docket Filings</u>. All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the Court for any purpose and that contain discovery material designated as "confidential" as**

    **defined in this Order shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file discovery material under restricted access must comply with the Court's rules and electronic docketing procedures for filing such motions.** The filing party shall include a notice to the Court and other parties that the document filed contains "Confidential" or "Protected Material" subject to the provisions of this Order.

4. Pursuant to Federal Rule of Evidence 502(d), if any information is disclosed or produced, whether inadvertently or otherwise, which is protected by attorney-client privilege, work product doctrine, or any other protection or immunity from discovery in this, or any subsequent state or Federal proceeding, such disclosure or production shall not be deemed to be a waiver of the protected status. If any party becomes aware of the production or disclosure of such protected information by **any party**, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. Upon final termination of this action, including all appeals, all confidential documents and any other confidential information which was provided in discovery, including any copies; excerpts; or summaries, except items which constitute attorney work product as defined by applicable law; that have been prepared from or have utilized such information by a party, its counsel, or other persons or entities retained to assist such party in this litigation, shall be returned to the producing party or destroyed by counsel within thirty (30) days of the conclusion of the case.  If the parties elect destruction, the destroying party shall provide an affidavit confirming destruction.

6. Upon final termination of this action, including all appeals, the obligations of the parties delineated in this protective order shall survive and continue to bind the parties and their counsel **in the future**.

7. Nothing herein shall be construed to limit or otherwise restrict a party's right to raise objections to discovery requests, whether the objection relates to written discovery requests or testimony during depositions.

8. Production of documents or information from the documents testified to by any party at trial shall not constitute a waiver of the provisions of the Protective Order. Dated this 1st day of May, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

## NON-DISCLOSURE AGREEMENT

I, _____ certify that I have read the Protective Order entered in the case of *Brian and Tammy Hoover v. Auto-Owners Insurance Company*, Case No. 8:24-CV-482, which is pending in the United States District Court for the District of Nebraska. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____